512

However, the body of the instructions specifically refers to the appellants by their correct names. Hence, the jury was not misled in any particular, and the technical error appearing in the caption of the instructions does not authorize a reversal of the judgments. See, Criminal Code of Practice, § 340; Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

 Appellants' contention that the verdict was contrary to the evidence is predicated solely upon the presumption that Cirt Collins and George Collins committed perjury while testifying against the appellants, and that the jury convicted appellants because of their sympathy for the prosecuting witness, Ernest Bailey. Such charges are purely conjectural and unwarranted by the record; hence, they deserve no further consideration.

Judgments affirmed.

recover $750 for expenses incurred in the defense of an action to which they were made additional parties. The lower court adjudged they were not "other assureds" under the omnibus clause of a policy issued by appellee to one John Perry and were therefore not entitled to recover the above expenses. We believe the record and the law fully support the holding of the lower court.

The motion for an appeal is overruled and the judgment is affirmed.

Carl STAPLES, Appellant,

v.

SOUTHERN FIRE & CASUALTY COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Rehearing Denied May 11, 1956.

Robert M. ROBISON and Robert M. Robison Construction Company, Appellants,

v.

COMMERCIAL INSURANCE COMPANY OF NEWARK, Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1956.

Rehearing Denied May 11, 1956.

William A. Miller, Miller, Howard & Huff, Louisville, for appellant.

H. B. Kinsolving, Shelbyville, Robert C. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment denying appellants the right to